18-1600-ag
*Parkview Lounge, LLC v. NLRB*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of October, two thousand nineteen.

PRESENT:

> JOHN M. WALKER,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> JOHN G. KOELTL,
> > *District Judge.*\*

———————————————————————

PARKVIEW LOUNGE, LLC, DBA ASCENT LOUNGE,

> *Petitioner–Cross-Respondent*,

v.

NATIONAL LABOR RELATIONS BOARD,

> *Respondent–Cross-Petitioner*.

No. 18-1600-ag
18-1964-ag

———————————————————————

FOR PETITIONER–CROSS-RESPONDENT:  ARIADNE PANAGOPOULOU
(Joseph Nohavicka, *on the brief*),

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Pardalis & Nohavicka, LLP, Astoria, NY.

FOR RESPONDENT–CROSS-PETITIONER: MILAKSHMI V. RAJAPAKSE (Julie B. Broido, Supervisory Attorney, *on the brief*), National Labor Relations Board, Washington, DC.

On petition for review of the April 28, 2018 decision and order of the National Labor Relations Board and cross-petition for enforcement.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED** and the petition for enforcement is **GRANTED**.

Parkview Lounge, LLC, dba Ascent Lounge ("Parkview") petitions for review and the National Labor Relations Board ("NLRB" or "Board") cross-petitions for enforcement of the NLRB's April 26, 2018 decision and order. The decision adjudicated the grievance of Parkview employee Susann Davis ("Davis"), who accused Parkview of discharging her for participating in protected concerted activity, in violation of Section 8(a)(1) of the National Labor Relations Act ("NLRA" or "Act").[1] *See* 29 U.S.C. § 158(a)(1). We assume the parties' familiarity with the underlying facts and the procedural history of this case, to which we refer only as necessary to explain our decision to deny the petition for review and grant enforcement.

In its petition, Parkview focuses on three arguments. First, Parkview contends that the Board erred in concluding that its owner, Brian Packin ("Packin"), knew of Davis's engagement in protected concerted activity when she was terminated. Second, Parkview

---

[1] Section 8(a)(1) provides in relevant part: "It shall be an unfair labor practice for any employer . . . (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title." 29 U.S.C. § 158(a)(1). Section 157 provides that employees have "the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157.

challenges the Board's adoption of the Administrative Law Judge's ("ALJ") finding that Parkview was at least partially motivated by retaliatory animus in discharging Davis. Third, Parkview argues that the Board should not have imposed remedies of reinstatement and backpay because (it alleges) Davis was terminated for cause. *See* 29 U.S.C. § 160(c). We address each argument in turn. We will enforce the NLRB's order "if its legal conclusions have a reasonable basis in law" and its factual findings are "supported by substantial evidence." *NLRB. v. Special Touch Home Care Servs., Inc.*, 708 F.3d 447, 453 (2d Cir. 2013) (internal quotation marks omitted).

1. Packin's Knowledge

On January 29, 2016, Packin discharged Davis from her position as a server at Parkview. Parkview contends that the ALJ erred in finding that, in doing so, Packin was motivated at least in part by Davis's concerted activity at a January 27 meeting because, Parkview urges, the General Counsel did not show that Packin knew of that activity when he ended Davis's employment.

Although the Board "may not base its decision on mere conjecture, the element of knowledge may be shown by circumstantial evidence from which a reasonable inference may be drawn." *Abbey's Transp. Servs., Inc. v. NLRB.*, 837 F.2d 575, 579 (2d Cir. 1988); s*ee also NLRB. v. Columbia Univ.*, 541 F.2d 922, 929 (2d Cir. 1976) (holding that "direct evidence of employer knowledge of union or concerted activity is not a prerequisite to a finding that such knowledge existed."). Here, according to Davis's testimony, Ray Quiñones, a Parkview manager who was present at the January 27 meeting, gave a direct response to the staff and assured employees that he would relay to Packin the workplace concerns that Davis raised there. Geoffrey Daley, another manager present at the January 27 meeting, testified that he informed Packin about Davis's comments at the January 27 meeting before she was terminated. This evidence, taken within the context of the record as a whole, adequately supports the Board's conclusion that Packin knew of Davis's protected concerted activity when he discharged her.

2. Retaliatory Animus

Substantial evidence also supports the Board's conclusion that Packin was motivated at least in part by retaliatory animus when he discharged Davis. First, the Board properly considered as persuasive evidence of unlawful motivation the timing of Davis's discharge, which took place a mere two days after the January 27 meeting. Although Parkview contends that the Board afforded the timing undue weight, the Board was entitled to treat the brief two-day interval as probative of retaliatory animus. *NLRB v. Am. Geri–Care, Inc.*, 697 F.2d 56, 60 (2d Cir. 1982) ("An inference of anti-union animus is proper when the timing of the employer's actions is 'stunningly obvious.'"); *NLRB v. Advanced Business Forms Corp.*, 474 F.2d 457, 465 (2d Cir. 1973) ("The abruptness of a discharge and its timing are persuasive evidence as to motivation."(internal quotation marks and citation omitted)).

Second, while the evidence in this regard is not overwhelming, substantial evidence also supports the Board's conclusion that the reason Parkview proffers on appeal as underlying Davis's termination—her inability to work with management—was pretextual. The record demonstrates that, in different contexts, Parkview gave inconsistent reasons for Davis's termination and that Davis had been praised for her work not long before she was shown to the door. Davis testified, and Parkview did not challenge the assertion, that Packin told her she was being terminated because she did not "get[] along with management."App'x 46. In its official report to the New York State Department of Labor, Parkview gave "issues with service," in addition to management issues, as a reason for Davis's termination. App'x 467. Moreover, these stated reasons were at odds with the compliments Packin and another manager had given Davis just one week before her discharge: that she "was one of the stronger servers." App'x 35**.** The presence in this record of such inconsistent justifications and assessments justifies the Board's determination that the employer's explanation for discharge was pretextual. *See NLRB v. Aeronautical Indus. Dist. Lodge No. 91*, 934 F.2d 1288, 1294 (2d Cir. 1991) (stating that employer's inconsistent explanations were evidence of pretext). Although the record contains evidence that could also have supported a different conclusion, the substantial evidence standard is not a demanding one. *See NLRB v. Katz's Delicatessen of Houston St., Inc.*, 80 F.3d 755, 763 (2d Cir. 1996). We conclude that it is satisfied

4

by the Board's conclusion that Davis's protected activity on January 27 was a "motivating factor" in Parkview's decision to terminate her. *See e.g.*, *NLRB v. Walton Mfg. Co.*, 369 U.S. 404, 405 (1962) ("[W]hile the 'reviewing court is not barred from setting aside a Board decision when it cannot conscientiously find that the evidence supporting that decision is substantial, when viewed in the light that the record in its entirety furnishes, including the body of evidence opposed to the Board's view,' it may not 'displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'").

### 3. Remedial Scheme

Finally, Parkview urges us to conclude that, even if the Board's unlawful termination finding is adequately supported by the record, its requirement that Parkview reinstate Davis and its award of back pay are not consistent with the remedial limitations recognized by section 10(c) of the Act. Section 10(c) provides in relevant part that "[n]o order of the Board shall require reinstatement of any individual as an employee who had been suspended or discharged, or the payment of any back pay, if such individual was suspended or discharged *for cause*." 29 U.S.C. § 160(c) (emphasis supplied). Parkview asserts that Davis was terminated for cause and that this conclusion precludes the Board from imposing reinstatement and backpay remedies.

In light of our conclusion that substantial evidence supports the Board's conclusion that Parkview's proffered justifications for Davis's discharge were pretextual, however, the Board's reinstatement order was presumptively lawful. *See, e.g.*, *G & T Terminal Packaging Co. v. NLRB*, 459 F. App'x 19, 21 (2d Cir. 2012) (noting that "an award of reinstatement with backpay is the normal remedy awarded to victims of discrimination." (internal citation and quotation marks omitted)). The record does contain evidence that Davis had conflicts with management and that her performance had been subject to criticism on more than one occasion. But Parkview cites no authority for the proposition that, when the record contains evidence of an employee's concurrent performance issues or conflicts with management, the Board may not order backpay and reinstatement after determining that an employer engaged in unlawful retaliatory acts with regard to that employee, and we are aware of none.

The Act vests the Board with "broad discretionary powers to fashion remedies for violations of the Act." *NLRB v. Ferguson Elec. Co.*, 242 F.3d 426, 431 (2d Cir. 2001); *see also* 29 U.S.C. § 160(c). Because substantial evidence supports the Board's determination that Davis's termination was a result of retaliatory animus, we conclude that the Board did not abuse its discretion in issuing the challenged remedial order.

\* \* \*

We have considered Petitioner's remaining arguments and conclude that they are without merit. Accordingly, the petition for review is **DENIED**, and the cross-petition for enforcement is **GRANTED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court